UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAINE JONES and LASHON JONES,

        Plaintiffs,

v.                                                 Case No. 5:06-cv-39

                                                      Hon. Wendell A. Miles

HERBERT KANNEGIESSER GmbH,

        Defendant.
        _____/

OPINION AND ORDER

        Plaintiffs filed this products liability case in the Berrien County Circuit Court, and, on February 28, 2006, the Defendant removed the action to this Court. The matter is presently before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

        After Defendant filed its Motion to Dismiss, the parties were granted leave to conduct limited discovery on the issues raised by Defendant's motion. In their brief in opposition to Defendant's motion, Plaintiffs concede that this Court does not have personal jurisdiction over Defendant. "[P]laintiffs have not been able to identify through discovery any additional contacts between Kannegiesser and the State of Michigan. In the absence of any additional contacts with the State of Michigan, this Court cannot maintain jurisdiction over the defendant." (Pls. Brief at 2, dkt #17). Accordingly, Plaintiffs now ask the Court to either (1) transfer this action to the Northern District of Illinois or (2) dismiss the action without prejudice.

Dismissals for lack of personal jurisdiction must be without prejudice.  See e.g. Intera Corp. v. Henderson, 428 F.3d 605, 613 (6th Cir. 2005); FED. R. CIV. P. 41(b).  Defendant agrees, and asks the Court to grant its motion and dismiss the case without prejudice.  Therefore, the issue is whether the Court should dismiss or transfer the case.  Title 28 U.S.C. § 1631 provides in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and that action or appeal shall proceed as if it had been filed in . . . the court from which it is transferred.

The parties acknowledge that this Court lacks jurisdiction.  Plaintiffs claim that "upon information and belief, defendant Kannegiesser has substantial ongoing business relationships, in the Northern District of Illinois."  (Pls. Brief at 2).  Defendants argue that Plaintiffs' unsupported claim does not establish that the case could have been brought in the Northern District of Illinois.  With regard to the "interest of justice" element, Plaintiffs state that if the case is dismissed they will re-file in the Northern District of Illinois, thereby incurring significant additional costs, and causing delay in reaching the merits of the case.  Defendant contends that it would be unduly prejudiced by a transfer because it will be forced to file another motion to dismiss in the Northern District of Illinois.

Turning first to a consideration of the "interest of justice" requirement, the Court concludes that justice is best served by transferring, rather than dismissing, this action.  Defendant will face the same burden of filing a motion to dismiss in the Northern District of Illinois whether the case is transferred to that court or Plaintiffs file a new case there.  However, the Court concludes that dismissing this case may have a far more serious prejudicial affect on

Plaintiffs than the burden of the additional costs of re-filing and re-service. In a diversity action, a federal court applies the substantive law of the state where the district court sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The substantive law of a state includes its statute of limitations. Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945). In determining whether a transfer is in the interest of justice, the court may consider whether the applicable statute of limitations might prejudice the plaintiff if the action were dismissed and refiled in the proper court. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (considering "interest of justice" in the context of a case transferred pursuant to 29 U.S.C. § 1406(a)). In Illinois, actions for damages for personal injury must be commenced within two years after the cause of action accrued. Roach v. Coastal Gas Station, 843 N.E.2d 393, 396 (Ill. App. Ct. 2006), citing 735 ILL. COMP. STAT. 5/13-202 (2002). This case arises from an alleged incident occurring on November 8, 2004, when Germaine Jones suffered serious injuries resulting in the amputation of his left arm while working on a press manufactured by the Defendant. Considering the time constraints Plaintiff may face if this case is dismissed, to avoid any statute of limitations problems that might exist, justice will be better served by a transfer. See Texas Peanut Farmers v. United States, 409 F.3d 1370, 1374 (Fed. Cir. 2005), citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (finding that a "compelling reason" for transfer is if a case will be time-barred if dismissed); Penn. Dep't of Environmental Resources v. F.D.I.C., 78 F.3d 97, 101 (2d Cir. 1996) (transferring case in the interest of justice to avoid possible statute of limitations problems); Callejo v. Resolution Trust Corp., 17 F.3d 1497, 1501 (C.A.D.C. 1994) (transferring case in the interest of justice to district court to "avoid any statute of limitations problems petitioners might otherwise encounter"); O'Neil v. Hatfield, 921 F.Supp. 574, 576 (S.D. Ind.

1996) (same); Martin v. Nickels and Dimes, Inc., 804 F.Supp. 83 (D. Hawaii 1992) (same); United States v. 255.21 Acres in Anne Arundel County, 722 F.Supp. 235, 242 (D. Md. 1989) (same).

A transfer in the interest of justice under § 1631 is only appropriate if the transferee court is one in which the action could have been brought at the time the case was filed. The first prong of the personal jurisdiction inquiry is whether the defendant is amenable to service of process under the state's long arm statute. Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). The Illinois long arm statute confers general jurisdiction in an action that does not arise within the state over a "corporation doing business in the State." ILL. COMP. STAT. 735 5/2-209(b)(4). The second prong of the analysis is whether jurisdiction in the forum is consistent with due process. Id. To satisfy due process a defendant must have "minimum contacts" with the forum, which is established if the "Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Plaintiffs state that Defendant has substantial ongoing business relationships in the Northern District of Illinois. If accurate, the Illinois long arm statute and due process could be satisfied.

When ruling on a motion under Rule 12(b)(2), the plaintiff need only make a *prima facie* showing of jurisdiction. Dean v. Motel 6 Operating L.P., 144 F. 3d 1269, 1272 (6th Cir. 1998). If the court holds a pretrial evidentiary hearing and allows sufficient discovery to prepare the parties for the hearing, the plaintiff's burden increases and he must establish jurisdiction by a preponderance of the evidence--the same standard that would apply at trial. Id. The Court's Order of May 24, 2006 limited discovery in this case to parties to the action and the issues raised

4

by Defendants' motion to dismiss, which did not include Defendant's contacts in other jurisdictions. (Consent Order, dkt. #15).  Accordingly, the Court concludes that Plaintiffs need only make a *prima facie* showing of jurisdiction and that they have satisfied that burden.

Although Plaintiffs have not filed a motion to transfer, a court may *sua sponte* cure jurisdictional defects by transferring a suit under § 1631.  See Haugh v. Booker, 210 F.3d 1147, 1150 n.4 (10th Cir. 2000) (noting that a plaintiff need not first file a motion to transfer); Miller v. Hambrick, 905 F. 2d 259, 262 (9th Cir. 1990) ("A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions").

## Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (dkt #6), and in the interest of justice ORDERS the immediate transfer of this case to the U.S. District Court for the Northern District of Illinois.

So ordered this 7th day of November, 2006.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge